## In re Coatesville Trust Company. No. 1

*Howard F. Troutman*, for accountant; *C. Raymond Young*, for exceptant.

WINDLE, J., February 26, 1934.—William D. Gordon, Secretary of Banking, took possession of the business and property of Coatesville Trust Company on

October 13, 1931. At that time Isabel McClellan was and still is the owner and holder of a mortgage trust fund certificate in the amount of $4,800, issued by said trust company in the following form, to wit:

"No. 254,                                                          $4800.00

THE COATESVILLE TRUST COMPANY
Coatesville, Pa.
,Mortgage Trust Fund Certificate.
Owner, Isabel McClellan, Date April 11, 1930.
The Coatesville Trust Company

hereby certifies that it has received Four Thousand Eight Hundred Dollars in trust for the registered owner hereof, which, together with other moneys received by it upon similar certificates, it holds as a mortgage trust fund, separate and apart from the assets of the Company, in trust for the holders of said certificates, and will keep the same invested only in first mortgages on real estate in the State of Pennsylvania.

"This Certificate is transferable only on the books of the Company, and is payable on the first day of November 1930, upon return hereof, with interest at the rate of 5 percent per annum, payable semi-annually on the first days of May and November, said payments to be made at the office of the Company, in the City of Coatesville, without any deductions for taxes, expenses or losses incurred in the management of the fund, the Company hereby guaranteeing payment of principal and interest in full, excepting however, any U. S. Income Tax which may be imposed upon the income of the holder of this Certificate.

"The Coatesville Trust Company of Coatesville, Pa., reserves the right of redeeming this certificate before maturity at par in cash at the time of any regular interest payment by giving sixty days notice to the registered owner hereof of its intention so to do.

J. R. FREEL,                                          H. B. SPACKMAN,
Asst. Secretary.                                              Pres.

(Endorsement)
No. 254.
COATESVILLE TRUST COMPANY,
Coatesville, Pa.
Mortgage Trust Fund Certificate
$
Interest payable May and November.

Date of registry                                In whose name registered.
Transfer Agent."

In his first and partial account heretofore filed, the Secretary of Banking includes under "General Claims Admitted" the following item:

"Contingent claim.

| | |
|---|---|
| William D. Gordon, trustee, for mortgage pool in trust department. | Claim admitted by reason of guaranty by bank against loss to holders of mortgage bonds (mortgage participation certificates) in the mortgage pool of $654,857.95 and amount of claim to be determined after pool is liquidated and loss established." |

To this action Isabel McClellan, as holder of one of the "mortgage participation certificates" as above, excepts on the ground that it does not conform to the law applicable to the distribution of the company's assets and does not adequately protect her rights, alleging that a fund should be retained, pro rata in

amount to payments made to depositors, for the holders of mortgage trust certificates, and that certain funds should be set aside and earmarked to indemnify and save harmless said holders against whatever loss should subsequently be determined to be suffered by them. Counsel also contends in his brief that the secretary should be compelled to collect certain unpaid subscriptions to the capital stock of the trust company, admittedly never paid in, in the amount of $125,000, it appearing that there is a deficiency of assets to meet liabilities. Her fifth exception filed is doubtless broad enough to include such a contention.

To answer the first question raised by these exceptions, the status of exceptant as a holder of the certificate above recited must be determined. After careful consideration of the terms of the certificate, we are of opinion that she is a cestui que trust of a trust of which the trust company is or was the trustee. The certificate recites that the company has received from exceptant $4,800 in trust for her, which, with other money received by it on similar certificates, it holds as a mortgage trust fund, separate and apart from the assets of the company, in trust for the holders of said certificates, which it will keep invested only in first mortgages on real estate in Pennsylvania. That language certainly creates a trust, the company undertaking to hold the $4,800 mentioned in trust for the exceptant in a certain fund separate from the assets of the company, and to invest it, with other money similarly received, in first mortgages. The certificate goes on to say that it is transferable only on the books of the company, and is payable on a date certain with interest, payable semi-annually, at the office of the company, without deduction for taxes, expenses, or losses incurred in the management of the fund, the company guaranteeing payment of principal and interest in full, excepting any Federal income tax which might be imposed on the income of the exceptant. These provisions do not change the character of the relation created by the first paragraph of the certificate. They merely provide that the company will repay to the certificate holder on a certain date, if requested, the money received from and held in trust by it for said holder, and that said company guarantees such repayment and the payment of the interest promised. True, this repayment should be made from the mortgage trust fund, but if that fund could not make it then the company, by reason of its guaranty, must make it from other funds. Consequently, this certificate owner is the beneficiary of the mortgage trust to the extent of $4,800, with accrued and unpaid interest, and had additional security for the repayment of her trust funds and interest thereon in that if said mortgage trust cannot make such repayment in full after the due date of her certificate—which in this case has long gone by—the trust company itself will do so out of other money. The provision for the redemption of the certificate before maturity does not alter the situation. The company's liability for the payment of the amount due on her certificate from its general assets, therefore, is contingent only and depends in amount on the deficiency that may or may not result on the liquidation of the mortgage trust. Consequently, exceptant's claim on such certificate is a contingent general one and is properly so termed and included as such under "general claims admitted", in the account excepted to. The exception questioning such action cannot be sustained.

We know of no authority, and our attention has been directed to none, that provides for setting up and retaining a fund pro rata in amount to payments made to depositors in order to protect holders of mortgage certificates on account of the contingent liability of the company on those certificates, as contended by exceptant in her third exception. Nor is there provision for earmarking and setting aside certain funds of the banking department of the trust company to indemnify the holders of said certificates by reason of said contingent liability,

as suggested in the fourth exception. The depositors must be paid in full before general creditors can receive anything, and no funds can be retained or diverted from the payment of depositors in the manner suggested. After the depositors are paid, but not until then, the exceptant, if she has suffered a deficiency on her certificate, may share with other general creditors in the fund available for them. The exceptions above mentioned must be dismissed.

The remaining complaint of exceptant is that demand should have been made by the Secretary of Banking on stockholders in Coatesville Trust Company for the unpaid subscriptions on their stock in said company. It is admitted that there is a possible liability on that score on the part of the stockholders in the amount of $125,000. Whether or not it can be made depends upon the fact of solvency or insolvency of the company. As long as the company is solvent, the whole subscription to its capital stock is due in accordance with the terms thereof, but if and when the company becomes insolvent the contract between it and the subscriber is terminated and the latter's debt to the corporation then is only for such part of his subscription as is required to pay the corporate debts. At that time the rights of creditors arise to enforce the payment of such amounts from the subscribers: Swearingen v. Sewickley Dairy Co., 198 Pa. 68. Consequently, if the trust company is insolvent its creditors may look to the subscribers to the capital stock of the company to pay so much of their unpaid subscriptions as are necessary to discharge, if possible, the indebtedness of the company in full: Lane's Appeal, 105 Pa. 49. However, such subscriptions may not be called for until the amount thereof necessary to make up the deficiency due on all the claims against the company is ascertained, and then only so much thereof may be called as will pay such deficiency unless, of course, the amount of such deficiency exceeds the amount of the unpaid subscriptions: Lane's Appeal, supra; Bell's Appeal, 115 Pa. 88; Swearingen v. Sewickley Dairy Co., supra. Under those circumstances, no call or demand could at this time be made upon the subscribers in question, even though the company was insolvent, as it is not yet known, according to the record, how much of said unpaid subscriptions will be required to make up the deficiency above mentioned. The exception complaining of the secretary's failure in this respect, therefore, is prematurely filed. Even if the trust company be insolvent and the stockholders be liable for part or all of their unpaid subscriptions, that liability cannot at this time be pressed as above. For that reason, this exception must be dismissed. However, it is dismissed without prejudice to the rights of this exceptant to renew it at any appropriate time in the future.

Exceptions dismissed; the fifth, without prejudice as above.

From Truman D. Wade, West Chester, Pa.